UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
DAMON JONES, *on behalf of himself and all others* :
*similarly situated*, :
:
                        Plaintiff, :        22 Civ. 6767 (JPC)
:
      -v- :        ORDER
:
CHANGING HANDS BOOKSTORE, INC., :
:
                        Defendant. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On August 9, 2022, Plaintiff filed the Complaint that initiated this case. Dkt. 1. On November 4, 2022, Defendant answered the Complaint. Dkt. 9. Subsequently, on November 7, 2022, the Court ordered the parties to appear at 3:00 p.m. on December 14, 2022 for an initial pre-trial conference, and to file a joint status letter and proposed civil case management plan and scheduling order in preparation for that conference by December 7, 2022. Dkt. 10. After the parties failed to file that letter and proposed order by December 7, 2022, the Court issued a further order on December 9, 2022 ordering the parties to submit that letter and proposed order promptly. Dkt. 11. That letter and proposed order were not submitted, and neither party appeared for the December 14, 2022 conference. Subsequently, the Court ordered the parties to submit a status letter by December 19, 2022, explaining why they failed to appear at the conference. Dkt. 12. That letter was not submitted by the deadline. Finally, on December 21, 2022, the Court offered Plaintiff one final chance, ordering him to show cause by December 26, 2022 why this case should not be dismissed due to his failure to prosecute and to comply with the Court's orders at Docket Numbers 10 through 12. Plaintiff then disregarded that order, as well: the docket reflects that no submission has been filed in response to any of the Court's four orders.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b).  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court.").  Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice.  First, Plaintiff has ignored four of this Court's orders over three months.  *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case against *pro se* plaintiff under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders over the course of several months and was put on notice that failure to comply could result in dismissal").  Second, the Court has warned Plaintiff that failure to comply would result in the case being dismissed without prejudice.  *See* Dkt. 12.  Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004).  "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so."  *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH),

2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021).  Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate.  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted).  And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court continued to grant Plaintiff additional chances to comply with the Court's orders as a less drastic sanction than dismissal.  After disregarding four orders, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 4, 2023
New York, New York

                                            JOHN P. CRONAN
                                        United States District Judge